EXHIBIT A

APRIL M. LINSCOTT, ISB #7036
OWENS, MCCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Ste. A
Hayden, ID 83835
Telephone: (208) 762-0203
Facsimile:  (208) 762-0303
E-mail:  alinscott@omllaw.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN ANDREWS, individually, and as Personal Representative of the Estate of Craig A. Johnson,<br><br>Plaintiff,<br><br>vs.<br><br>BONNER COUNTY, a political subdivision of the State of Idaho, BONNER COUNTY SHERIFF'S OFFICE, a department of Bonner County, BONNER COUNTY SHERIFF DARYL WHEELER, in his individual and official capacity, GARY MADDEN, in his individual and official capacity, SHAWN DEEM, in his individual and official capacity, JORDAN THOMSON, in his individual and official capacity, TED SWANSTROM, in his individual and official capacity, PHIL STELLA, in his individual and official capacity, and TIM REYNOLDS, in his individual and official capacity, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-<br><br>**COMPLAINT FOR DAMAGES**<br>**JURY TRIAL REQUESTED** |

## INTRODUCTORY STATEMENT

1.     This is a civil rights action pursuant to 42 U.S.C. § 1983, filed by Plaintiff for violations of the use of excessive force, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  The Plaintiff also alleges certain state law claims.

COMPLAINT FOR DAMAGES - 1

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's claim of violations of federal constitutional rights pursuant to 28 U.S.C. § 1331 and § 1343.  This action is authorized and instituted pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 *et seq*.

3.     This Court has jurisdiction over Plaintiff's state law claims set forth in this Complaint, pursuant to supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a).  Both federal and state claims alleged herein arose from a common nucleus of operative facts, the state actions are so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

4.     Actions complained of herein took place within the jurisdiction of the United States District Court, District of Idaho, in that one or more of the Defendants reside in Idaho and Plaintiff's claims for relief arose in this District.  Accordingly, venue in this judicial district is proper under 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff, ROBIN D. ANDREWS, is the widow of the decedent Craig A. Johnson.  She is also the Personal Representative of his Estate.

6.     Defendant, BONNER COUNTY, is a political subdivision of the State of Idaho.  As a local governmental entity, Bonner County is a suable person under 42 U.S.C. § 1983.  At all times relevant to this Complaint, Bonner County employed several of the Defendants (police officers) through the Bonner County Sheriff's Office and several of Defendants Does.  At all times relevant to this Complaint, Defendants and Does were acting pursuant to Bonner County's laws, customs, and/or policies applicable to Bonner County.  As the employer of Defendants and Does, Bonner County is vicariously liable for all of the tortious and unconstitutional acts and omissions of the Defendants and Does, committed within the course and scope of their employment.

7.      Defendant, BONNER COUNTY SHERIFF'S OFFICE ("Sheriff's Office"), is a department within Bonner County.

8.      Defendant, BONNER COUNTY SHERIFF DARYL WHEELER ("Wheeler"), was at the time of the events, and now is, the Sheriff of Bonner County.  Defendant Wheeler is sued in his individual and official capacity.

9.      Defendant, GARY MADDEN ("Madden"), was, at all times relevant hereto, acting under the color of state law as an employee and police officer of the Sheriff's Office.  Defendant Madden is sued in his individual and official capacity.

10.     Defendant, SHAWN DEEM ("Deem"), was, at all times relevant hereto, acting under the color of state law as an employee and police officer of the Sheriff's Office.  Defendant Deem is sued in his individual and official capacity.

11.     Defendant, JORDAN THOMSON ("Thomson"), was, at all times relevant hereto, acting under the color of state law as an employee and police officer of the Sheriff's Office. Defendant Thomson is sued in his individual and official capacity.

12.     Defendant, TED SWANSTROM ("Swanstrom"), was, at all times relevant hereto, acting under the color of state law as an employee and police officer of the Sheriff's Office.  Defendant Swanstrom is sued in his individual and official capacity.

13.     Defendant, PHIL STELLA ("Stella"), was, at all times relevant hereto, acting under the color of state law as an employee and police officer of the Sheriff's Office. Defendant Stella is sued in his individual and official capacity.

14.     Defendant, TIM REYNOLDS ("Reynolds"), was, at all times relevant hereto, acting under the color of state law as an employee and police officer of the Sheriff's Office. Defendant Reynolds is sued in his individual and official capacity.

15.     Defendants, DOES 1-10 ("Does"), were, at all times, members of the Sheriff's Office.  At all material times, Defendants Does were working under the color of law.  Defendants Does are each sued in their individual and official capacities and will be named as discovery is obtained.

16.     Plaintiff served a timely tort claim notice in compliance with the Idaho Tort Claims Act.

17.     Plaintiff is entitled to an award of fees and costs, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

## FACTUAL BACKGROUND

18.     On September 26, 2017, Craig A. Johnson was shot and killed by Bonner County Sheriff officers.  Mr. Johnson was near his cabin in Coolin, Idaho at the time of the shooting.

19.     On September 24, 2017, Deputy Gary Madden performed a welfare check on Mr. Johnson at the request of his wife Robin.  The welfare check was performed at 11:54 p.m.

20.     Deputy Madden approached Mr. Johnson's cabin from the back side of the property.  Deputy Madden wrote in a statement that as he exited his vehicle, Mr. Johnson came out of the cabin.  Mr. Johnson had a black pistol which he pointed at the Deputy and yelled for the Deputy to get off his private property.  At this point, Deputy Madden identified himself as an officer of the Bonner County Sheriff's Office.  Deputy Madden told Mr. Johnson to drop his weapon.  Mr. Johnson then turned around and walked into the house.

21.     Later, Deputy Madden requested that a Warrant of Arrest be issued for Aggravated Assault, Idaho Code § 18-905(a).  The crime of aggravated assault requires a showing of an actual intent to injure.  According to Deputy Madden's statement, Mr. Johnson's clear words indicate only an intent to get the officer to leave his private property.

22.     The intent to point a weapon in an assaultive manner is not the equivalent of the intent to cause a violent injury.

23.     The officers did not have probable cause to obtain an arrest warrant for aggravated assault.

24.     At the time that Mr. Johnson was shot, the officers were allegedly attempting to serve an arrest warrant on Mr. Johnson.

25.     The Plaintiff has made public records requests for information regarding the shooting, including any videos from vehicle dash cameras, body cameras, or a nearby game camera.  All requests for information have been denied, stating only that an investigation is ongoing, without more.

26.     The Defendants allege that the requested records are exempt from disclosure because they are investigatory records.  However, disclosure of the requested records would not interfere with any enforcement proceedings, deprive a person of a right to a fair trial or an impartial adjudication, constitute an unwarranted invasion of personal privacy, disclose the identity of a confidential source or confidential information furnished by a source, disclose investigation techniques and procedures, or endanger the life or safety of law enforcement personnel.

27.      Mr. Johnson is deceased; therefore, no enforcement proceedings, trial, or adjudication can take place regarding his actions.  Further, according to news releases, the officers involved in the shooting were to be placed on paid administrative leave until such time as the North Idaho Critical Incident Task Force could complete its investigation of the officer involved shooting.  Certainly, the officers have not been on paid leave for eight (8) plus months.  Yet, the information has yet to be released.

28.     The subject matter does not pertain to any confidential source or information or investigative techniques.  Nor, does it endanger the life or safety of law enforcement personnel.

Further, the Defendants have made a number of press releases to the public which were intended to sway public opinion and deprive the widow Robin from a fair and impartial adjudication of her and her husband's estate's claims against the department.   The Defendants have withheld information that may reflect negatively on them.

29.    The nature of this fatal officer-involved shooting is that the decedent, and only non-officer witness, cannot testify.   Only the police record exists as evidence.   In this case, the officers have made that evidence a secret, presumably because it is not favorable to them.

30.    However, the press releases indicated that at the time the officers were attempting to serve the arrest warrant, they were negotiating with Mr. Johnson over the telephone and through loud speakers.   The officers alleged that Mr. Johnson eventually came out of the house with a weapon pointed at the officers and they had no choice but to shoot.

31.    Upon information and belief, Mr. Johnson was shot at least once in the back, contradicting the released information that the officers had no choice but to shoot.   Upon information and belief, Mr. Johnson was shot a distance away from his cabin, not in his cabin.

32.    The officers' actions in this case, in attempting to arrest and killing Mr. Johnson, were a violation of Mr. Johnson's Fourth Amendment rights.   Additional facts supporting this claim can be proved if the Defendants are ordered to release public information.

33.    The widow Robin has experienced severe emotional distress as a result of the wrongful killing of her husband.

34.    At all times relevant hereto, Bonner County and the Sheriff were legally responsible for the management of the Sheriff's Office, including establishing and implementing policies, procedures and protocols governing the conduct of police officers, including but not limited to use of force and release of public information.

35.     At all times relevant hereto, Bonner Bounty and the Sheriff were responsible for screening, hiring, training and supervising their employees.

36.     Since the Defendants have withheld information related to this matter, the widow Robin should have time to conduct discovery in this matter and amend her Complaint prior to any dispositive motions being filed by the defendants.

**FIRST CLAIM FOR RELIEF:  Unlawful Search & Seizure & Excessive Force**

**42 U.S.C. § 1983: Violation of the 4th and 14th Amendment against Defendants**

37.     Plaintiff incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38.     The wrongful conduct of the Sheriff Officers, the Sheriff's Office and Bonner County constitute violations under the color of state law and 42 U.S.C. 1983, in that with deliberate and callous indifference to a known right, Defendants deprived Craig Johnson of the rights, privileges and immunities secured by the Constitution of the United States.

39.     Craig Johnson was entitled to be safe and secure from undue and unreasonable search, seizure and use of force.

40.     The acts and omissions of Defendants in using extreme force on Craig Johnson violated the requirements of the 4th and 14th Amendment rights held by Craig, to be free from excessive unconstitutional use of force.

41.     The specific actions of Defendants, individually and in concert with each other, alleged to be violations of Craig Johnson's protected rights, are more particularly set forth below:

        a.     Defendant's attempted to serve a warrant which they either knew, or should have known, to be infirm;

        b.     Defendants used extreme physical force against Craig, which resulted in death;

c.    Defendants knew, or should have known, that actions utilizing significantly less force could have been used effectively to detain Craig;

d.    Defendants failed to utilize an objectively reasonable assessment of the facts when they decided to use weapons against Craig, and ultimately used excessive force against Craig; and

e.    Upon information and belief, none of the officers attempted to use a degree of force less than excessive physical force, and the choice to use such lesser degree of force was objectively reasonable under the circumstances.

42.    All Defendants' conduct was well defined by law and each Defendant knew, or reasonably should have known, that their conduct was not only well below the standard prescribed by law, but was illegal per se.

43.    As a result of the violations of the Constitutional standards set forth herein, Craig Johnson was wrongfully killed, and his wife suffered emotional and mental trauma.  The extent of Plaintiff's damages will be more fully proven at trial.

44.    Plaintiff was required to hire attorneys to represent her in this matter and is thus entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Monell Liability

45.    Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46.    Defendants Bonner County and the Sheriff's Office either adopted an official policy, or had a longstanding practice or custom which constitutes a policy or ratified actions, which ratification amounted to a policy in violation of Craig Johnson's constitutional right to be free from excessive force.

47.     Defendants Bonner County, the Sheriff's Office and the Sheriff, Daryl Wheeler failed to train their police force regarding individual's constitutional rights to be free from excessive force and to a fair and impartial review of police conduct.

48.     Said Defendants' failure to properly train the police force amounts to a deliberate indifference to the rights of persons with whom the police force come into contact.

49.     Had Madden, Deem, Thomson, Swanstrom, Stella and Reynolds been properly trained regarding use of force, Craig Johnson would not have been killed.

50.     As a result of said Defendants' policy, customs, and failure to train, Craig Johnson was wrongfully killed.

51.     As a result of the violations of the Constitutional standards set forth herein, Craig Johnson was wrongfully killed, and his wife suffered emotional and mental trauma.  The extent of Plaintiff's damages will be more fully proven at trial.

## SUPPLEMENTAL STATE CLAIMS

## THIRD CLAIM FOR RELIEF

**Wrongful Death/Negligence Against Bonner County, Bonner County Sheriff's Office, and all individual Defendants**

52.     Plaintiff incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53.     Defendants Bonner County and the Sheriff's Office are liable for damages arising out of the negligent or otherwise wrongful acts or omissions of their employees acting in the course and scope of their employment.

54.     Defendants Madden, Deem, Thomson, Swanstrom, Stella and Reynolds were at all times relevant hereto acting in the course and scope of their employment.

55.     Defendants Madden, Deem, Thomson, Swanstrom, Stella and Reynolds failed to exercise ordinary care in performing the daily operational function of taking a person into custody.

56.     The actions of Defendants Madden, Deem, Thomson, Swanstrom, Stella and Reynolds were intentional and they knowingly created a situation which put Craig Johnson into a position of unreasonably high probability that he would be killed.

57.     The actions of Defendants Madden, Deem, Thomson, Swanstrom, Stella and Reynolds caused Craig Johnson's death.

58.     Defendants Bonner County, the Sheriff's Office, Sheriff Wheeler, Madden, Deem, Thomson, Swanstrom, Stella and Reynolds are liable for the damage they caused, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### Violation of Idaho's Public Records Act

59.     Plaintiff incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60.     Public records requests for records was made to the Bonner County Sheriff Department.

61.     Bonner County denied the Public Records Requests, indicating only that an investigation is active or ongoing.

62.     Every person has the right to examine public records of the State, and there is a presumption that all public records in Idaho are open except as otherwise expressly provided by statute.

63.     The widow Robin is entitled to a show cause hearing ordering the public official(s) charged with withholding the records to disclose the public record or show cause why he/she should not do so.

64.     The widow Robin is entitled to an order compelling the Defendants to make the requested information public.

65.     The Plaintiff is entitled to fees and costs for bringing this action pursuant to Idaho Code § 74-116, and requests that an additional penalty of $1,000.00 be assessed pursuant to Idaho Code § 74-117.

## PRAYER FOR RELIEF

A.      On all claims for relief, Plaintiff prays for judgment finding that her protected constitutional rights were violated;

B.      Findings that Defendants used excessive force on Craig Johnson;

C.      Findings that Defendants unlawfully searched and seized Mr. Johnson;

D.      That Defendants make the records request information public;

E.      For general and specific damages against all Defendants in amounts to be determined at trial;

F.      For wrongful death damages, survival damages, punitive damages, negligent infliction of emotional distress damages, and all other damages available under state and federal law;

G.      An award of all other damages, as is just, and according to the proof; and

H.      Award Plaintiff her reasonable attorney fees and costs against all Defendants.

**Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this Complaint.**

DATED this 1st day of June, 2018.

OWENS, McCREA & LINSCOTT, PLLC

s/ April M. Linscott
APRIL M. LINSCOTT, ISB#7036
Attorneys for Plaintiff