APRIL M. LINSCOTT, ISB #7036
OWENS, MCCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Ste. A
Hayden, ID 83835
Telephone: (208) 762-0203
Facsimile: (208) 762-0303
E-mail: alinscott@omllaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN D. ANDREWS, individually, and as Personal Representative of the Estate of Craig A. Johnson,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BONNER COUNTY, a political subdivision of the State of Idaho, BONNER COUNTY SHERIFF'S OFFICE, a department of Bonner County, BONNER COUNTY SHERIFF DARYL WHEELER, in his individual and official capacity, GARY MADDEN, in his individual and official capacity, SHAWN DEEM, in his individual and official capacity, JORDAN THOMSON, in his individual and official capacity, TED SWANSTROM, in his individual and official capacity, PHIL STELLA, in his individual and official capacity, and TIM REYNOLDS, in his individual and official capacity, and DOES 1-10,<br><br>　　　　　Defendants. | Case No. 2:18-cv-<br><br>**DECLARATION OF APRIL M. LINSCOTT IN SUPPORT OF MOTION TO SET BOND AMOUNT** |

I, April M. Linscott, declare under the penalty of perjury that following statements are true and correct:

　　　1.　　I am over the age of 18 and competent to testify about the matters stated herein.

DECLARATION OF APRIL M. LINSCOTT IN SUPPORT OF MOTION TO SET BOND AMOUNT - 1

2. I am the attorney representing the potential Plaintiff in this case. I make these statements based on my own personal knowledge.

3. I have contacted representatives of a local bonding company and insurance company and discussed this unique requirement under Idaho law. I was informed by the bonding company that bonds for this type of surety did not exist. I was informed by the insurance company that the market for that particular bond is poor for several reasons. A local insurance agent corroborated this information. Attached hereto as **Exhibit "A"** is a true and correct copy of e-mail correspondence between myself and a local insurance company.

4. I am aware that other attorneys have also had difficulty in finding bonds such as the one required for this case. Attached hereto as **Exhibit "B"** is a Declaration filed by another attorney in a similar case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 1st day of June, 2018.

OWENS, McCREA & LINSCOTT, PLLC

_____
APRIL M. LINSCOTT, ISB#7036
Attorneys for Plaintiff

# Gmail

April Linscott <alinscott@omllaw.com>

## FW: FW: Civil Surety Bond
1 message

**Toni Norton** <toni@janjinsurance.com>  Mon, Apr 13, 2015 at 3:54 PM
To: April Linscott <alinscott@omllaw.com>

April:

This is from the underwriter. Sorry this isn't easier! Let me know if you need anything further.

Toni,

My recommendation is that they try to simply post the cash to the court. If they want to go the bond route then I will need 100% cash collateral as well as the bond premium.

If they want to further explore posting a bond, I would need documentation of the amount and bond form after it is determined by the two parties involved.

Regards,

Todd



EXHIBIT A

Sara K. Staggs, OSB No. 064822*
**Law Office of Sara Staggs**
1515 SW Fifth Avenue
Suite 808
Portland, Oregon 97201
Telephone: 971.254.4848
Facsimile: 503.228.1556
sara.k.staggs@gmail.com
*Pro Hac Vice Application Pending*

Craig H. Durham, ISB No. 6428
**Durham Law Office, PLLC**
910 W. Main Street
Suite 328
Boise, Idaho 83702
Telephone: 208.345.5183
Facsimile: 208.906.8663
craig@chdlawoffice.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAMUEL THIEMANN; JOSEPH ZAHN; WILLIAM WILLIAMS; NORM SELLARS; GARY KAESTNER; JACOB MacDONALD; LESLIE GOODMAN; GARY BRANT; LYNN LEE; MICHAEL SNIDER; DANIEL BUGLI; DON FLEDERBACH, <br><br> Plaintiffs, <br><br> v. <br><br> SHERIFF KIERAN DONAHUE; JOHN AND JANE DOES #1-10, members of the Treasure Valley Metro Violent Crimes and Gang Task Force; JOHN DOES #11-20, members of the Nampa Police Department; JOHN DOES #21-30, members of the Bureau of Alcohol, Tobacco, Firearms and Explosives; JOHN DOES #31-40, members of the Canyon County Sheriff's Office; JOHN | Case No. <br><br><br> **DECLARATION OF CRAIG H. DURHAM** |

DECLARATION OF CRAIG H. DURHAM - 1


EXHIBIT B

DOES #41-50, members of the Federal
Bureau of Investigations; CANYON
COUNTY, a political subdivision of the State
of Idaho, by and through the Canyon County
Sheriff's Office; CITY OF NAMPA, by and
through the Nampa Police Department,

        Defendants.

I, Craig Durham, declare under the penalty of perjury that following statements are true and correct:

1. I am over the age of 18 and competent to testify about the matters stated herein.

2. I am one of the attorneys representing the potential plaintiffs in this case. I make these statements based on my own personal knowledge.

3. I have discussed the pre-filing bond requirement with the potential plaintiffs and their financial circumstances. The declarations submitted in support of the Motion to Waive or Set Bond are intended to provide the Court with a representative sample of the potential plaintiffs' limited financial means and ability to post a bond.

4. I have also contacted a representative of Allied Bonding and discussed this unique requirement under Idaho law and was informed that the market for that particular bond is poor for several reasons. A local insurance agent corroborated this information. (Exhibit A.)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of May, 2014

                                          CRAIG H. DURHAM

DECLARATION OF CRAIG H. DURHAM - 2

# EXHIBIT A

From: **John Schoonover** (john@bcins-id.com)  This sender is in your safe list.
Sent: Tue 4/08/14 2:36 PM
To: Craig Durham (craig@chdlawoffice.com)

Ok, we talked to Janet (who you talked to at Allied bonding as well) and a CNA bond underwriter who say these are almost impossible to get.

Reason 1- no two surety companies want to be co-sureties on a smaller bonds. They will go in together on large 100mil construction projects and the like to mitigate risk but will not on small "commercial bonds". That was what the underwriter called these.

Reason 2- the surety needs to know exactly who they are bonding and make sure its legitimate, they underwrite risks and will avoid risks that could pay out. For some reason they think these will pay out easier than most other bonds.

Both bonding people said they have only heard of one attorney that got one. The attorney was based in Lewiston about 10 years ago. Otherwise they have not heard of one that met the exact letter of the code.

Both said that we could ask one market at a time and if the individual needing the bond was financially viable, one market may write the bond like you had with the example you sent me. But notice there are not two sureties on that bond – only one surety company is on that bond.

One of the markets is going back in his notes and will advise us of what he found out a few years ago.

Again to his knowledge, no one other than the Lewiston attorney has gotten a bond to meet the letter of the statute.

John