APRIL M. LINSCOTT, ISB #7036
OWENS, MCCREA & LINSCOTT, PLLC
8596 N. Wayne Drive, Ste. A
Hayden, ID 83835
Telephone: (208) 762-0203
Facsimile:  (208) 762-0303
E-mail:  alinscott@omllaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN D. ANDREWS, individually, and as Personal Representative of the Estate of Craig A. Johnson,<br><br>Plaintiff,<br><br>vs.<br><br>BONNER COUNTY, a political subdivision of the State of Idaho, BONNER COUNTY SHERIFF'S OFFICE, a department of Bonner County, BONNER COUNTY SHERIFF DARYL WHEELER, in his individual and official capacity, GARY MADDEN, in his individual and official capacity, SHAWN DEEM, in his individual and official capacity, JORDAN THOMSON, in his individual and official capacity, TED SWANSTROM, in his individual and official capacity, PHIL STELLA, in his individual and official capacity, and TIM REYNOLDS, in his individual and official capacity, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-00244-EJL<br><br>**MOTION FOR RELIEF FROM ORDER OF DISMISSAL** |

COMES NOW Plaintiff, by and through her counsel of record, and hereby moves the Court for relief from judgment or order, pursuant to Fed. R. Civ. P. 60.  Specifically, Plaintiff requests that the Order entered January 11, 2019 (Dkt. 3) dismissing the Plaintiff's case with prejudice be vacated, based on the following facts and grounds:

1.      On June 1, 2018, Plaintiff filed a Motion to Set Bond Amount pursuant to Idaho Code § 6-610, asking the Court to determine the appropriate bond amount in order to bring her claims for the wrongful death of her husband.

2.      On June 19, 2018, the Court issued an Order setting the bond amount for $5,000.00.

3.      Since June 19, 2018, the Plaintiff has not filed her Complaint, or otherwise proceeded with her action, due to the following reasons:

   a)      Idaho Code § 6-610 provides the plaintiff to post "a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court." Therefore, Plaintiff needs to post two bonds at $5,000.00 each, for a total of $10,000.00;

   b)      Bonds for this type of surety do not exist; therefore, the Plaintiff must post cash for the bond amount;

   c)      The Plaintiff has needed time to save the money for the sureties and/or determine whether she intends to continue forward with her claims, based on the surety amount and her emotional state after her husband's death;

   d)      The Statute of Limitations does not run on Plaintiff's claims until September 26, 2019; therefore, Plaintiff believed she has ample time to both post the surety and make a final determination as to whether to pursue the action;

   e)      Federal Rule of Civil Procedure 3 provides that a civil action is commenced by filing a Complaint. Because Plaintiff has yet to file her Complaint, she believed that a civil action subject to the civil rules had yet to be commenced; and, therefore, there was no action to proceed with or to dismiss voluntarily or otherwise; and

   f)      Because the Defendants have never been served with the Summons and Complaint, there has been no prejudice to them because they have not incurred any time or expense on the action.

4.       It would be unjust to treat Plaintiff's claims as determined on the merits when the claims were never filed with the Court.

This Motion is based on the record contained in this matter.

DATED this 15th day of January, 2019.

>                                  OWENS, McCREA & LINSCOTT, PLLC
>
>
>                                  /s/ *April M. Linscott*
>                                  APRIL M. LINSCOTT, ISB#7036
>                                  Attorneys for Plaintiff