UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN D. JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BONNER COUNTY; BONNER COUNTY SHERIFF'S DEPARTMENT; GARY MADDEN; SHAWN DEEM; TED SWANSTROM; PHIL STELLA; ROR LAKEWOLD; and MIKE GAGNON, in their individual and official capacities; and DOES 1-10,<br><br>　　　　Defendants. | Case No. 3:18-cv-00244-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants'[1] Motion for Reconsideration (Dkt. 96) regarding the Court's recent Memorandum and Decision Order (Dkt. 93). Plaintiff opposes the Motion. Dkt. 98.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the pending motion on the record and without oral

---

[1] The defendants here initially included Bonner County, Bonner County Sheriff's Department, Bonner County Undersheriff Ror Lakwold, Shawn Deem, Mike Gagnon, Gary Madden, Phil Stella, and Ted Swanstrom. In the wake of the Court's recent Memorandum and Decision Order (Dkt. 93), Deem and Swanstrom are the only remaining defendants. The Court refers to them jointly as "the Defendants."

argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Motion is DENIED.

## II. BACKGROUND

The Court's previous Memorandum and Decision Order (the "Order") (Dkt. 93) thoroughly reviewed the factual background of this case. That factual background is hereby incorporated by reference. In the Order, the Court denied Johnson's renewed request for sanctions and denied Defendants' renewed Motion to Strike. *Id.* It also ruled on the Parties' cross-motions for summary judgment, denying Johnson's motion in full and granting Defendants' motion on all counts except as to Johnson's claim against Swanstrom and Deem—the two snipers—whom Johnson claims used excessive force in serving their arrest warrant on Craig. *Id.* Defendants now ask the Court to reconsider the Order, arguing that because it is clearly established that Deem, and not Swanstrom, shot Craig, Swanstrom should be dismissed as a party. Dkt. 96, at 2.

## III. LEGAL STANDARD

**A. Motions for Reconsideration**

Rule 59(e) "permits a district court to reconsider and amend a previous order," but the Ninth Circuit instructs that the Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Under Rule 59(e) "there are four limited grounds upon which" a district court may grant a motion for reconsideration: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents

MEMORANDUM DECISION AND ORDER – 2

newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Coffelt v. Yordy*, 2016 WL 9724059, at *1 (D. Idaho Nov. 30, 2016) (citing *Turner v. Burlington N. Sante Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). "[M]otions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *America Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. 2006) (citing *Fuller*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

Defendants state that both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) provide grounds for a Motion for Reconsideration. Dkt. 96, at 3. However, Defendants' arguments are based entirely on claims of clear error and manifest injustice. *Id.* at 1. Because these two factors are considered in a Rule 59(e) analysis and not in a Rule 60(b) analysis, the Court understands Defendants' Motion to arise exclusively out of Rule 59(e).

### B. Liability Under § 1983

"A police officer need not have been the sole party responsible for a constitutional violation before liability may attach" under section 1983. *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019). Instead, officer liability is based on whether an officer was an integral participant or was personally involved in the alleged violation. *See, e.g.*, *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). On the other hand, officers who were "merely present at the time of an unlawful search" will not be held liable. *Bryan v. Las Vegas Metropolitan Police Dept.*, 349 Fed. Appx. 132, 133 (9th Cir. 2009).

In *Boyd v. Benton County*, the Ninth Circuit clarified that 1983 liability "does not require that each officer's actions themselves rise to the level of a constitutional violation."

374 F.3d 773, 780 (9th Cir. 2004). Instead, a reviewing court should look to whether the officer had a fundamental role in the conduct that allegedly caused the violation. *Nicholson*, 935 F.3d at 691. "Thus, under [Ninth Circuit] case law, an officer could be held liable where [he or she] is just one participant in a sequence of events that gives rise to a constitutional violation," so long as his or her participation is fundamental, integral, or personal. *Id.* at 692.

### IV. ANALYSIS

As an initial matter, the Court notes this is the first time Defendants have argued for Swanstrom's dismissal on the grounds he was insufficiently involved in the shooting of Craig[2] to be found liable under section 1983. No new evidence has been introduced since the issuance of the Order. Accordingly, this argument could have been raised with Defendants' Motion for Summary Judgment. It was not. It is, therefore, inappropriate for Defendants to raise it now, after the motion has been decided. *See, e.g. Carroll*, 342 F.3d at 945; *Fuller*, 950 F.2d at 1442.

Even on its merits, Defendants' argument does not warrant a reconsideration of the Order. Because both sides acknowledge that Swanstrom did not fire the bullets that ultimately killed Craig, Defendants assert the Court's failure to dismiss Swanstrom constitutes clear error and creates manifest injustice. Dkt. 96, at 3. It does not.

The Ninth Circuit has made clear that an officer who was an integral participant, or who was personally involved, in an encounter that ultimately resulted in the violation of

---

[2] As the Court has done previously, *see* Dkt. 93, at 2 n.2, it will refer to Plaintiff Robin Johnson as "Johnson" and Craig Johnson as "Craig" to avoid confusion.

constitutional rights may face liability under section 1983. *See, e.g.*, *Jones*, 297 F.3d at 936. Here, it is undisputed that: (1) Swanstrom stood up from his initial strategic position and yelled at Craig multiple times to "drop [his] gun;" (2) Deem could not see Craig until Swanstrom stood up and tried to engage Craig; (3) Swanstrom raised his own gun in preparation to shoot Craig; (4) "[Swanstrom's] finger was almost to the trigger when he heard two shots and [Craig] fell to the ground; and (5) Swanstrom subsequently saw Craig moving and told him not to move. Dkt. 67, at 7–8.

The Ninth Circuit has "yet to define the minimum level of involvement for liability under the integral-participant doctrine." *Reynaga Hernandez v. Skinner*, 969 F.3d 930 (9th Cir. 2020). However, upon a review of Ninth Circuit case law, the Court is confident that Swanstrom's involvement in the altercation that resulted in Craig's death clears the minimum threshold—wherever that threshold may be. For example, in *Blankenhorn v. City of Orange*, after finding that the use of hobble restrains on a suspect constituted excessive force, the Ninth Circuit held that an officer who handcuffed a suspect and allowed another officer to place hobble restraints on the suspect was integrally involved in the violation of the suspect's rights. 485 F.3d 463 (9th Cir. 2007).

Likewise, in *Boyd*, armed officers who stood in a doorway while another officer conducted an unlawful search were found to be integral participants in the search. 374 F.3d at 773. On the other hand, in *Hopkins v. Bonvicino*, the Ninth Circuit found that an officer who stood in the yard and interviewed witnesses while other officers were conducting an unlawful search was not an integral participant in any constitutional violation later alleged. 573 F.3d 752, 770 (9th Cir. 2009).

MEMORANDUM DECISION AND ORDER – 5

While none of these cases maps perfectly on to the facts of the present case, it would certainly not constitute clear error for the Court to conclude that Swanstrom's actions were more similar to those of the officers in *Boyd* and *Blankenhorn* than they were to the actions of the officer in *Hopkins*. Therefore, the Court declines to grant Defendants' Motion for Reconsideration.

## V. CONCLUSION

Because Defendants raised for the first time in this Motion an argument that was previously available to them, and because it is not clear error for the Court to find that Swanstrom was an integral participant in the shooting of Craig and *could* be held liable,[3] the Court DENIES Defendants' Motion for Reconsideration.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Defendants' Motion for Reconsideration (Dkt. 96) is **DENIED**.

DATED: October 11, 2023

David C. Nye
Chief U.S. District Court Judge

---

[3] The Court's denial of Defendants' Motion for Summary Judgment does not mean Swanstrom (or Deem) are liable or that damages are appropriate. Those questions are left for trial. The Court simply found there were disputed facts precluding summary judgment.